IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BERNICE LEE WOODSON, JR.,** § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 3:23-CV-2640-X |
| § | (NO. 3:20-CR-032-X-13) |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Bernice Lee Woodson, Jr., under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED** and that additional, untimely, grounds raised must be **DISMISSED**.

**I.      BACKGROUND**

The record in the underlying criminal case reflects as follows:

On February 26, 2020, Movant was named in a twenty-count superseding indictment charging him in count one with conspiracy to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846, in count eleven with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1), in count twelve with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), in count thirteen with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and in count fourteen with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

CR ECF No.¹ 104. Movant signed a plea agreement pursuant to which he agreed to plead guilty to the offense charged in count twelve of the superseding indictment and the government agreed not to bring any additional charges against him based on the underlying and related conduct and to dismiss the remaining charges after sentencing. CR ECF No. 183. The plea agreement further reflected that Movant faced a term of imprisonment of at least ten years and not more than life; that Movant had reviewed the guidelines with counsel but understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines and that if the sentence was higher than Movant expected he would not be allowed to withdraw his plea; the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant waived the right to appeal or otherwise challenge the conviction and sentence except in certain limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with the legal representation provided to him. *Id.* Movant also signed a factual resume setting forth the elements of the offense to which he was pleading guilty and the stipulated facts establishing that he had committed that offense. CR ECF No. 182.

On September 22, 2020, Movant appeared with his counsel via video teleconference to enter his plea. CR ECF No. 754. Movant knowingly and voluntarily waived his right to appear in person and consented to participate by video conference. Further, he waived his right to proceed before the district judge and consented to go forward with his plea before a magistrate judge. Movant testified under oath that: he and counsel had discussed how the guidelines might apply but he understood he should never depend or rely on any statement or promise as to the sentence he would receive; the presentence report ("PSR") might contain facts other than facts contained in

---

¹ The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:20-CR-032-X-13.

the factual resume; he had fully discussed his case with counsel and was fully satisfied with the representation he had received; he understood the charge made in count twelve of the superseding indictment and the elements of that charge and that he had committed each of them; no one had coerced him in any way to enter a plea of guilty; he received and reviewed the plea agreement with counsel before signing it; he understood he was waiving his right to appeal or otherwise contest his conviction and sentence; he voluntarily and freely entered into the plea agreement; he understood he faced a term of imprisonment of not less than ten years or more than life; he understood the factual resume before signing it and all of the facts stated in it were true and correct. *Id.*

The probation officer prepared the PSR, which reflected that Movant's base offense level was 36. CR ECF No. 259, ¶ 36. He received a two-level enhancement for possession of firearms in connection with narcotics trafficking, *id.* ¶ 37, and a two-level enhancement for maintaining a drug premises. *Id.* ¶ 38. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 44, 45. Based on a total offense level of 37 and a criminal history category of V, his guideline imprisonment range was 324 to 405 months. *Id.* ¶ 98. At sentencing, the Court granted the government's motion for a two-level downward departure, which lowered his guideline range to 262 to 327 months. CR ECF No. 767. After considering the factors of 18 U.S.C. § 3553(a), the advisory sentencing guidelines, the conduct from the factual resume, and considering the mitigating and aggravating factors, the Court sentenced Movant to a term of imprisonment of 263 months. *Id.* at 33; CR ECF No. 685.

Movant appealed, CR ECF No. 689, despite having waived the right to do so. CR ECF No. 183, ¶ 12. His counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738

(1967), and Movant filed a response. The United States Court of Appeals for the Fifth Circuit granted the motion to withdraw and dismissed the appeal as presenting no nonfrivolous issue. *United States v. Woodson*, No. 21-11005, 2022 WL 4244893 (5th Cir. Sept. 15, 2022). Movant did not file a petition for writ of certiorari.

## II.    GROUNDS OF THE MOTION

On October 10, 2023, Movant purportedly signed and placed in the mail his original motion under Section 2255. ECF Nos.[2] 2, 3. The documents were file-marked by the clerk on November 28, 2023. On December 12, 2023, the clerk received another motion and brief also dated October 10, 2023, with a hand-written note from Movant saying that he had left out a part of his motion and asking that the documents be filed as an amended motion. ECF Nos. 4, 5. Also on December 12, 2023, the clerk received additional copies of the original (and according to Movant, incomplete) motion and brief. ECF Nos. 6, 7. On December 28, 2023, the clerk received what appear to be copies of the documents submitted as the amended motion and brief. ECF Nos. 8, 9. Finally, on January 17, 2024, the clerk received a typewritten motion dated April 17, 2023 (the "additional motion"). ECF No. 12. The additional motion was accompanied by a letter dated January 3, 2024, from inmate Mohammed Roble, who stated that in "April/May of 2023," Movant had entrusted the additional motion to him and requested that he "send it out to the Court," but, due to his circumstances, he had been unable to send the motion sooner. *Id.* at 40.[3]

In his amended motion, Movant sets forth three grounds, the first and second alleging that Movant received ineffective assistance of counsel and the third alleging that because of retroactive

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action. Page references to the memorandum will be to "Page __ of 22" reflected at the top right portion of the document on the Court's electronic filing system.
[3] The references to pages in the additional motion are to "Page __ of 42."

4

changes in the sentencing guidelines, he is entitled to a sentence reduction. ECF No. 4 at 7. The additional motion includes different allegations about alleged ineffective assistance. ECF No. 12.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    **Limitations**

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

C.  **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the

6

adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

In his first ground, Movant alleges that his counsel suffered from a conflict of interest because he represented two other co-defendants. ECF No. 4 at 7. In support, he alleges that on January 17, 2020, he retained Kirk F. Lechtenberger[4] to represent him; that he met with Lechtenberger six times in person; that, to his astonishment, attorney Christopher K. Woodward "unexpectedly replaced attorney Lechtenberger at a court appearance without [Movant's] prior knowledge or consent"; Lechtenberger and Woodward were affiliated with the same law firm; and "it was later revealed that the information provided by [Movant] to his attorney was shared with his codefendants for the purpose of obtaining leniency from their prison sentence." ECF No. 5 at 3–4, 21. Movant identifies the codefendants as Vernon Stiff and "Michael Dwayn," apparently referring to Michael Dywayne Harris. *Id.* at 3.

A guilty plea waives all nonjurisdictional defects in the proceedings against a defendant, including ineffective assistance of counsel, except as the ineffectiveness relates to the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v.*

---

[4] The correct spelling of the name is Lechtenberger, as reflected in Movant's declaration. ECF No. 5 at 21.

*Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). The waiver includes allegations of conflict of interest. *United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019). Movant does not contend that his plea was not knowing or voluntary. Nor could he. The record reflects that that Movant's plea was knowing, voluntary, and intelligent. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).

Even had the claim not been waived, and it has, Movant could not prevail on the merits. To do so, he must show an actual conflict that adversely affected counsel's performance. An actual conflict exists if counsel is required to compromise his duty of loyalty or zealous advocacy to the defendant by choosing between or blending divergent or competing interests of another client. *Palacios*, 928 F.3d at 455. Here, Movant's allegations are conclusory and thus, insufficient. *Miller*, 200 F.3d at 282. Moreover, they are belied by the record, which reflects that Lechtenberger never represented Movant or Michael Dywayne Harris in this case. Lechtenberger did not enter an appearance on behalf of Vernon Stiff until February 4, 2020, CR ECF No. 57, at which time Movant was already represented by Christopher Woodward. CR ECF No. 61. The record does not reflect that Woodward was at any time "standing in" for Lechtenberger. CR ECF No. 764 (Woodward appeared on behalf of Movant, who had no questions at all at the detention hearing on February 3, 2020). In fact, at Movant's initial appearance on January 31, 2020, at which time he alleges he had retained Lechtenberger to represent him, Movant affirmed that he had asked the Court to appoint counsel to represent him. CR ECF No. 756 at 2. He swore that the information contained in his financial affidavit was true, meaning that he qualified for appointed counsel. *Id.* at 3. The detention hearing was continued and Movant himself told the magistrate judge that there was nothing else to take up. *Id.* at 6. The docket sheet reflects that, although Lechtenberger and

8

Woodward officed in the same building, they were not members of the same law firm. There is no evidence to support the existence of an actual conflict.

In his second ground, Movant alleges that counsel was ineffective for failing to object to the improper use of prior convictions to enhance his sentence. ECF No. 4 at 7. The bulk of his lengthy argument is that the enhancement for possession of a dangerous weapon violates the Second Amendment. ECF No. 5 at 5–14. The remainder of the argument is that his criminal history was incorrectly calculated. *Id.* at 14–15. As for the first argument, counsel had no general duty to anticipate changes in the law and did not perform deficiently in failing to do so. *United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009). The case upon which Movant relies, *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), was not decided until after Movant was sentenced. Further, nothing in *Bruen* invalidates the Section 2D1.1(b) enhancement. The Fifth Circuit has determined that the enhancement is consistent with historical traditions regarding the Second Amendment. *United States v. Moreno*, 811 F. App'x 219, 224 (5th Cir. 2020). As for the second argument, the record reflects that Movant's criminal history category was appropriately calculated. CR ECF No. 259. Failure to make frivolous objections is not deficient performance. *Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). And, in any event, Movant cannot show prejudice as the Court clearly stated that the sentence would have been the same even had the guideline range been incorrectly calculated. CR ECF No. 767 at 37–40.  *United States v. Johnson*, 943 F.3d 735, 738 (5th Cir. 2019); *United States v. Nino-Carreon*, 910 F.3d 194, 197 (5th Cir. 2018).

In his third ground, Movant asserts that retroactive changes in the sentencing guidelines entitle him to a sentence reduction. ECF No. 4 at 7. He argues that his sentence was enhanced due to a prior conviction for simple possession of marijuana that might now be considered for a

9

downward departure. ECF No. 5 at 15–17. Movant is mistaken. He did not receive any criminal history points for simple possession of marijuana. CR ECF No. 259. But, even if the argument had merit, this ground is not cognizable under Section 2255. *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994). Inasmuch as Movant would not be entitled to relief in any event, the Court declines to construe this ground as a motion under 18 U.S.C. § 3582(c)(2). *See United States v. Guerrero*, 691 F. App'x 179 (5th Cir. 2017) (recognizing that district court could construe a 2255 motion as one brought under 3582(c)(2)).

As for the grounds asserted in the additional motion, the record reflects that the motion was filed after the expiration of the one-year limitations period. 28 U.S.C. § 2255(f). Movant's judgment became final on December 14, 2022, when the time for filing a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 527 (2003); FED. R. APP. P. 4(b)(1)(A). The additional motion was not filed until January 17, 2024.[5] ECF No. 12. (The prison mailbox rule does not apply because Movant used an agent to mail his motion. *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994).) The additional motion does not relate back to the timely-filed motion and thereby escape the one-year time limit when it asserts new grounds for relief supported by facts that differ in both time and type from those the original motion set forth. *Mayle v. Felix*, 545 U.S. 644, 650 (2005). In this case, the additional motion presents new grounds with regard to allowing Movant to plead guilty to a higher amount of drugs than the amount recovered and alleged ineffective assistance of appellate counsel. ECF No. 12.

---

[5] The Court notes that the additional motion reflects that it was signed April 17, 2023, ECF No. 12 at 19, almost six months before Movant filed his first motion, ECF No. 2. Yet Movant never referred to the additional motion in all of the filings he made before the additional motion was actually filed. There would have been no need to sign another declaration on October 10, 2023, if he intended to rely on the declaration signed April 4, 2023. *Compare* ECF No. 5 at 22 *and* ECF No. 12 at 22. Thus, it appears that Movant intended to abandon the additional motion, which he had left behind in the care of another inmate, and pursue the grounds he timely filed.

Even if the new grounds were timely, and they were not, Movant could not prevail on the merits. The record reflects that Movant pled guilty to possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. CR ECF Nos. 182, 183. He admits that a kilogram of methamphetamine was found at his house. ECF No. 12 at 18. (The record also reflects that Movant was subject to a higher sentence than Stiff due to the amount of methamphetamine possessed by Movant. CR ECF No. 767 at 24.) And, for the reasons previously discussed, the record does not support the contention that Movant received ineffective assistance of counsel; therefore, appellate counsel cannot have rendered ineffective assistance in failing to raise grounds that would not have been meritorious. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Movant's timely filed motion under § 2255 and **DISMISSES** the new grounds asserted in the additional motion.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED on this 17th day** of **June, 2024**.

*[signature]*

**BRANTLEY STARR**
**UNITED STATES DISTRICT JUDGE**